**UNITED STATES of America, Appellee,**

v.

**CHAS. PFIZER & CO., Inc., American Cyanamid Company and Bristol-Myers Company, Appellants.**

**Nos. 636–638, Dockets 32493–32495.**

United States Court of Appeals, Second Circuit.

Dec. 1, 1970.

John E. F. Wood, New York City (Charles E. Stewart, Jr., Judson A. Parsons, Jr., David D. Griffin, J. Paul McGrath, Neal Johnston, Robert S. Wolf, Catherine A. Rein and Joseph Korff, Dewey, Ballantine, Bushby, Palmer & Wood, New York City, Arthur G. Connolly, F. L. Peter Stone and Arthur G. Connolly, Jr., Connolly, Bove & Lodge, Wilmington, Del., of counsel), for appellant Chas. Pfizer & Co., Inc.

Roy W. McDonald, New York City (Ralstone R. Irvine, Breck P. McAllister, Richard Y. Holcomb, Kenneth N. Hart and Edward C. Mengel, Jr., Dono-

van, Leisure, Newton & Irvine, New York City, of counsel), for appellant American Cyanamid Co.

Merrell E. Clark, Jr., New York City (Henry J. Zafian, Terence H. Benbow, Edward A. Miller, William M. Dreyer and Robert W. Gray, Winthrop, Stimson, Putnam & Roberts, New York City, of counsel), for appellant Bristol-Myers Co.

Harry G. Sklarsky, Atty., Dept. of Justice, Washington, D. C. (Richard W. McLaren, Asst. Atty. Gen., Howard E. Shapiro, Herman G. Gelfand, George Edelstein, Robert E. Easton and William R. Weissman, Attys., Dept. of Justice, Washington, D. C., of counsel), for appellee.

Before MOORE, FRIENDLY, SMITH, KAUFMAN, HAYS, ANDERSON and FEINBERG, Circuit Judges.

FRIENDLY, Acting Chief Judge.

On April 16, 1970, a panel of this court filed opinions on the appeal taken from judgments of conviction entered herein against the defendants-appellants, Judge Moore, with whom Judge Friendly concurred, writing for reversal, Judge Hays writing for affirmance. On May 21, 1970, the United States of America, as appellee, filed its petition for rehearing and rehearing *in banc*. Briefs on behalf of the States of California, Hawaii, Kansas, North Carolina, Oregon, Utah and Washington were thereafter filed, upon leave granted, in support of the petition.

In accordance with our practice, the petition was submitted to the original panel for decision on the rehearing. Prior to any decision by the panel, a vote of the Judges (Chief Judge Lumbard having disqualified himself) indicated that on the basis of the panel opinion with respect to rehearing as it then stood, five Judges favored an *in banc* hearing and three were opposed. An order granting an *in banc* hearing was entered on November 12, 1970.

Discussion thereafter continued among the Judges as to the content of the proposed panel opinion on the rehearing.

As a result, the proposed panel opinion was modified to read as follows:

"Moore, Circuit Judge (with whom Judge Friendly concurs):

The Government has sought rehearing of our direction of a new trial in this case. See 426 F.2d 32. Its petition expresses particular concern with parts of Section I of the opinion, notably pp. 38–39, which it considers cast doubt on the time-honored practice of establishing an anti-trust conspiracy by circumstantial evidence. We intended nothing of the sort, as witness the sentence, 'Had the Government relied on a general course of conduct throughout the years, these instructions might well have been apposite.' We proceeded rather on the basis that the Government had limited itself in this case by paragraph 27 of the bill of particulars quoted at pp. 37–38.

"The petition for rehearing argues with considerable force that in arriving at that conclusion we failed to take adequate account of other portions of the bill of particulars and record. On reconsideration, we believe that the Government's point is well taken and we do not rely upon the express agreement contention as a ground for reversal. However, the Government misconceives our opinion in concluding that a different result would follow if we agreed with its argument. For as we indicated in our opinion, the other errors specified, when taken as a whole, were sufficient to deprive the defendants of a fair trial. When we have been so meticulous in protecting defendants' rights against possible prejudice in the jury room—even to the possible (and frequently speculative) effect of curtailment of cross-examination (see United States v. Padgent, decided October 15, 1970. 423 F.2d 701 and United States v. Wolfson et al., 437 F.2d 862, decided November 11, 1970)—it seems impossible to deny that the treatment which the charge gave to the highly important Parke-Davis defense alone might

well have prejudiced the jury's judgment. When added to this there are the sections of the charge with respect to the testimony of the officers of the companies concerning the meetings of November 1953 and December 1955, pp. 39–40, the undue emphasis on the excess of selling prices over factory costs and the pattern which the trial took, it would indeed be difficult for an appellate court to say that these items may not have affected the jurors' votes in a criminal case so close as this.

"If we did not believe reversal on these grounds to be required, we would be obliged to consider many other contentions advanced by the defendants. One of the most persuasive of these is Bristol's argument that there was insufficient evidence to warrant submission to the jury of the issue whether that company had conspired with Pfizer and Cyanamid to exclude others from the tetracycline market. If that be so, and we now incline to that view, a new trial would be required since the charge permitted a guilty verdict if the jury found either a conspiracy to exclude competitors or a conspiracy to fix prices. Nash v. United States, 229 U.S. 373, 379–80 [33 S.Ct. 780, 57 L.Ed. 1232] (1913).

"On this basis the petition for rehearing is denied."

"Hays, Circuit Judge (dissenting):

"I would grant the government's application for rehearing."

This opinion of the panel which substantially limits the precedential effect of the opinion of April 16, 1970, is being filed simultaneously herewith. Upon a recanvass of the Judges who previously voted upon the *in banc* issue, four Judges, upon the basis of the foregoing opinion, vote to deny an *in banc* hearing and three Judges vote to grant the petition. The votes no longer include that of Judge Waterman who has assumed senior status in the interval.

Accordingly, upon the filing of the panel opinion as hereinabove set forth, it is ordered by a majority of the active judges eligible to vote thereon that the *in banc* order of November 12, 1970, be vacated and that the appellee's petition for a rehearing *in banc* be denied.